IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. 1:21-CR-25-1 |
| MIGUEL ANGEL COBOS (1) | § | JUDGE GIBLIN |

### RESPONSE TO DEFENDANT'S OPPOSED MOTION TO REOPEN DETENTION HEARING

TO THE HONORABLE JUDGE OF SAID COURT:

The United States of America, by and through its United States Attorney for the Eastern District of Texas moves this court to deny the defendant's Opposed Motion to Reopen Detention Hearing and would show the Court the following:

I. FACTS

On March 3, 2021, the defendant was charged in Count One of a two-count indictment along with ten co-defendants. Count One alleged that the defendant and his co-defendants conspired to possess with intent to distribute controlled substances, to wit; 50 grams or more of "actual" methamphetamine and five kilograms or more of a mixture or substance containing a detectable amount of cocaine HCL, in violation of 21 U.S.C. § 846. The defendant was arrested on this charge on April 21, 2021 and appeared before United States Magistrate Judge Keith F. Giblin the same day. On April 27, 2021, the defendant appeared again before Judge Giblin and was arraigned. A detention hearing was set for

*Response to Opposed Motion to Reopen Detention Hearing – Page  1*

May 6, 2021. On May 6, 2021, a detention hearing was held. The court granted the government's motion to detain Cobos. On May 11, 2021, the defendant filed an opposed motion to reopen detention hearing.

## II. DETENTION EVIDENCE PRESENTED BY GOVERNMENT

During the detention hearing, the government presented sufficient evidence through the Grand Jury indictment, a pre-trial services report prepared by the Probation Department, and testimony from a law enforcement agent familiar with the facts of the investigation, to satisfy the presumption that Cobos should be detained pending trial. The presumption for detention is applied based upon Cobos being charged with an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 801, et. seq pursuant to 18 U.S.C. § 3142(e)(3)(A). In cases where a Grand Jury has returned an indictment, probable cause is established. *United States v. Valenzuela-Verdigo*, 815 F.2d 1011, 1012 (5th Cir. 1987). In this particular case, Cobos is charged in a large methamphetamine and cocaine trafficking conspiracy involving at least ten co-conspirators. He faces a minimum mandatory term of imprisonment of 10 years to a term of Life. He additionally faces a fine up to $10,000,000. Therefore, subject to rebuttal by the defendant, it shall be presumed that no condition or combination of conditions will reasonably assure that the appearance of the person as required and the safety of the community.

The Court heard substantial evidence to support the government's position that

Cobos is a continuing danger to the community and/or poses a risk of flight. Evidence was presented that Cobos admits to being a daily user of cannabinoids up until the time of his arrest on April 21, 2021. The government presented testimony regarding Cobos's actions related to the drug conspiracy both during and after the indictment in this case. The testimony presented during the detention hearing showed that Cobos was involved in the distribution of multiple kilograms of methamphetamine and cocaine during the course of the conspiracy. The testimony also showed that Cobos had a leadership position in this conspiracy in that he led and directed co-conspirators within the conspiracy to traffic illegal narcotics. The law enforcement agent further testified that during the investigation of this conspiracy, Cobos was intercepted on Title III phone calls and claimed to have shot three (3) people and discussed robbing other drug dealers.

    Additional evidence was also presented at the detention hearing that Cobos has continued his criminal activity and narcotic trafficking since his indictment in this case, as shown by evidence gathered at his house at the time of his arrest on April 21, 2021 and during his confinement since that time.  Evidence was presented that during Cobos's arrest on April 21, 2021, a stolen AR-15 style rifle was found in his home and was within close proximity of a distributable amount of methamphetamine. The stolen firearm was loaded with a loaded 30-round extended magazine and a round was chambered in the firearm.

    Cocaine and marihuana were also found in other areas of the home in close

proximity to firearms. In the common area of the home, which Cobos shared with indicted co-conspirator, Javier Fernando Hernandez, marhjuana and items used to package marijuana for distribution were found. Evidence also showed that law enforcement located five (5) additional firearms throughout the home and vehicles at the home, all of which were in close proximity to narcotics and readily accessible to the occupants of the home. One of those firearms was located directly above Cobos's bed. The law enforcement agent testified that the possession of a firearm in furtherance of a drug trafficking crime is a federal offense. Additionally, more than thirty thousand dollars ($30,000) in United States currency was found hidden inside of a wall in the home. Body armor and three (3) stolen All-Terrain Vehicles were also found in the home and garage.

Evidence was also presented that since Cobos's arrest and confinement on April 21, 2021, he has continued to direct drug trafficking activities. During a recorded jail phone call after his arrest, Cobos was heard directing his girlfriend to retrieve additional hidden narcotics that law enforcement had not seized during the search of the home and directing her to deliver those narcotics to another person.

### III. DETENTION EVIDENCE PRESENTED BY DEFENSE

Cobos elected to present testimony of a possible third-party custodian as the only evidence to rebut the government's presumption of detention. The testimony did not provide sufficient evidence to rebut the presumption that Cobos was a flight risk or posed a continued danger to the community. Based upon these facts, the Court ordered Cobos

detained pending trial in this case.

As addressed in other Fifth Circuit precedent, the introduction of relevant evidence by the defendant does not eliminate the presumption for detention. Instead the "rebutted" presumption remains a factor to be considered in the case. *United States v. Fornia*, 769 F.2d 243, 251 (5th Cir. 1985). Thus, even when the presumption for detention is rebutted, this does not automatically award the defendant's release. Furthermore, Congress has determined that drug offenders pose a special risk of flight and dangerousness. *United States v. Rueben,* 974 F.2d 580, 586 (5th Cir. 1992). This Court should consider Cobos's role in the large-scale drug conspiracy in considering that he poses a special risk of flight and dangerousness as the Fifth Circuit acknowledged in *Reuben*.

### III. EVIDENCE TO REOPEN DETENTION HEARING

Under the Bail Reform Act a hearing may be reopened at any time before trial "if the judicial officer finds that information exists that was not known ***to the movant*** at the time of the hearing and that has a material bearing on the issue [of risk of flight or dangerousness]. 18 U. S. C. § 3142(f) (emphasis added).

Here the movant/Defendant seeks to reopen the detention hearing in order for the Court to consider "new evidence" to contextualize the events surrounding one (1) of the three (3) individuals Cobos bragged about shooting. Specifically, Cobos seeks to present evidence that one (1) of the three (3) shootings was self-defense. However, because Cobos reported this incident to the police and provided statements to the police at the time it

occurred in 2015, Cobos had to know of the existence of this information at the time of the detention hearing in May, 2021. As shown through Cobos's own exhibits to his current motion, it is clear that Cobos knew the information he seeks to present existed since 2015. Included in the defendant's motion to reopen is Exhibit 1, a summation of the events surrounding one of the shootings from the Harris County District Attorney's Office. Within Exhibit 1 Cobos is described as the complainant and statements made by Cobos to law enforcement officers are referred to within Exhibit 1.

Furthermore, this "new evidence" cannot be categorized as having a material bearing on the issue of dangerousness to the community and/or risk of flight.. The information only seeks to "contextualize" one (1) of the three (3) individuals Cobos bragged about shooting. It also fails to negate or contextualize the two (2) other shootings, the planning of other robberies of additional drug dealers, the large amount of narcotics Cobos led and directed the distribution of during the conspiracy, the weapons and body armor found in Cobos's home at the time of arrest, the stolen items found at the time of arrest, the narcotics and money found at the time of arrest, or Cobos's continues narcotics trafficking both after indictment and while in custody under this indictment. For these reasons, the Opposed Motion to Reopen Detention Hearing should be denied.

## IV CONCLUSION.

It is the government's position, that Cobos has failed to show that the information that he now intends to admit from 2015 to rebut the presumption of detention was not

*Response to Opposed Motion to Reopen Detention Hearing – Page 6*

known to him prior to the detention hearing on May 7, 2021.  Additionally, Cobos also fails to show that this particular "new evidence" has a *material* bearing on the issue of his continued dangerousness to the community and/ or his flight risk because it only addresses one of his many acts which determined his dangerousness/flight risk.

WHEREFORE, the government requests the Court to deny the defendant's opposed motion to reopen detention hearing.

Respectfully submitted,

NICHOLAS J. GANJEI
ACTING UNITED STATES ATTORNEY

/s/ *Michelle S. Englade*
Michelle S. Englade
ASSISTANT U.S. ATTORNEY
550 Fannin, Suite 1250
Beaumont, Texas 77701
Phone 409-839-2538
Texas Bar No.06619650
Michelle.englade@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that a copy of this Response was provided via electronic filing to attorney for defendant, Norman Silverman, on May 20, 2021.

/s/ *Michelle S. Englade*
Michelle S. Englade
ASSISTANT U.S. ATTORNEY